Naomi Sarega, Esq., SBN 20-110
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave, #200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6729 facsimile
Email: ns@higbee.law

*Attorney for Plaintiff,*
GREAT BOWERY, INC. d/b/a TRUNK ARCHIVE

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| GREAT BOWERY, INC. d/b/a TRUNK ARCHIVE, | Case No. **1:26-cv-00213** |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| JAK SCHMIDT, INC d/b/a INSIDE THE MAGIC; and DOES 1 through 10 inclusive, | |
| Defendants. | |

Plaintiff, Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive"), by and through its undersigned counsel, brings this Complaint against Defendant JAK Schmidt Inc d/b/a INSIDE THE MAGIC; and DOES 1 through 10 inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2.    This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.    This Court has personal jurisdiction over Defendant because Defendant

1

conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5.     Plaintiff Great Bowery, Inc. d/b/a Trunk Archive is a corporation organized and existing under the laws of Delaware with a place of business at 433 Broadway, Suite 420, New York, New York 10013.

6.     Upon information and belief, Defendant JAK Schmidt, Inc d/b/a Inside The Magic ("Defendant" or "ITM") is a New Mexico domestic profit corporation.

7.     The true names and capacities of Defendants Does 1 through 10, are presently unknown to Plaintiff, and for that reason, Plaintiff sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained

8.     For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

### *Plaintiff Trunk Archive, Annie Leibovitz, and the Leibovitz Photographs*

9.     Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world.

10.     Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

11.     One of Trunk Archive's most prominent American portrait photographers is Annie Leibovitz ("Leibovitz").

12.     Leibovitz is one of the world's best known and most accomplished portrait photographers. She is primarily known for her celebrity portraiture, with her work having been featured on numerous album covers and magazines.

13.     Leibovitz's work has also been exhibited in prominent galleries and museums, including the Smithsonian Institute's National Portrait Gallery in Washington, DC.

14.     Leibovitz licenses her work for a fee.

15.     Leibovitz's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Leibovitz's work is intended to deter would-be infringers from copying and profiting from her work without permission.

*16.*     In 2018 and 2019, Leibovitz was invited to the set of *Star Wars Episode IX* where she was granted exclusive access to photograph images of the case and crew of *Star Wars Episode IX* for the June 2019 of *Vanity Fair Magazine.*

17.     In June 2019, 11 of Leibovitz' photographs of the cast and crew of *Star Wars Episode IX* were published in *Vanity Fair Magazine* (the "Episode IX Photographs") with a "VF" watermark at the bottom corner and the caption "PHOTOGRAPH BY ANNIE LEIBOVITZ" for each photograph. *See* https://www.vanityfair.com/hollywood/2019/05/star-wars-cover-story.

3

18.    Attached hereto as Exhibit A are true and correct copies of the original Episode IX Photographs.

19.    Leibovitz registered the Episode IX Photographs with the United States Copyright Office under registration certificate VA 2-192-380.

20.    Attached hereto as Exhibit B is a true and correct copy of Registration No. 2-192-380.

21.    Leibovitz subsequently granted Trunk Archive the exclusive right to license the Episode IX Photographs, which includes the exclusive right to distribute, display, and reproduce the IX Episode Photographs.

### Defendant JAK Schmidt d/b/a Inside the Magic

22.    Defendant ITM is and as at all relevant times  the owner, operator, and manager of a commercial website https://insidethemagic.net/ ("Defendant's Website").

23.    According to Defendant Website, Defendant ITM is "The number #1 site online for Walt Disney World, Disneyland, Universal Studios, and more." and "has more than 1,300,000 subscribers on YouTube and over 1.1 billion lifetime views. The Inside the Magic website serves more than 50 million page views per month. Inside the Magic's social presence reaches more than 750,000 followers on Facebook and over 100,000 followers on Twitter." *See* https://insidethemagic.net/about/.

24.    Defendant's Website features extensive advertisements on each page, including constantly changing banner ads, pop-up ads, and sidebar ads. The ads include video ads, native ads, and interstitial ads.

25.    On information and belief, Defendant's Website generates content in order to attract users to Defendant's Website in order to generate revenue through Defendant's extensive advertising.

26.    At all relevant times, Defendant ITM had the ability to supervise and control all content on Defendant's Website.

4

27.     At all relevant times, Defendant ITM had a direct financial interest in the content and activities of the Defendant's Website (including the activities alleged in this Complaint).

28.     At all relevant times, the Defendant's Website was readily accessible to the general public throughout New Mexico, the United States, and the world.

***Defendant ITM's Willful Unauthorized Use of the Episode IX Photographs***

29.     On or about January 31, 2023, Trunk Archive discovered all eleven Episode IX Photographs copied to and displayed on Defendant's Website in an article titled "New 'Star Wars: The Rise of Skywalker' preview gives sneak peek at film, Knights of Ren, Zorri Bliss" ("Infringing Post").

30.     Attached hereto as Exhibit C are true and correct screenshots of the Infringing Post featuring each of the Plaintiff's Episode IX Photographs.

31.     As shown in Exhibit C, Defendant's Website featured extensive advertisements on the page featuring the Infringing Post at the time Plaintiff discovered the Infringing Post.

32.     In no event did Trunk Archive or Leibovitz grant Defendant ITM a license, permission, or authorization to use, make a copy of, or publicly display the Episode IX Photographs on Defendant's Website or in any other manner.

33.     Upon information and belief, Defendant ITM (including their agents, contractors or others over whom they have responsibility and control) created unauthorized copies of the Episode IX Photographs and caused them to be uploaded to and displayed on Defendant's Website.

34.     Upon information and belief, Defendant ITM (including their employees, agents, contractors, or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public Leibovitz's original and unique Episode IX Photographs for commercial benefit and acquired monetary gain and market benefit as a result of use of the Episode IX Photographs on Defendant's Website.

35.     Specifically, the purpose of the use of the Episode IX Photographs on

the Defendant's Website was drive user traffic to Defendant's Website, by using high quality in demand photographs from the upcoming release of a new *Star Wars* film, so that Defendant could monetarily benefit via the extensive advertisements featured on its Website.

36.    Upon information and belief, Defendant ITM's use of the Star Wars Photographs was deliberate and willful because they knew or should have known that they did not purchase a license for use of the Episode IX Photographs.

37.    Specifically, as can be seen in Exhibit C, Defendant copied and displayed the Episode IX Photographs with a gutter credit under each individual photo that read "Credit: Annie Leibovitz – Vanity Fair". Despite acknowledging the source of the Episode IX Photographs, Defendant never contacted Leibovitz or Plaintiff to license the Episode IX Photographs.

38.    After discovering the unauthorized use of the Episode IX Photographs, Trunk Archive, through counsel, sent cease and desist correspondence to Defendant and communicated with Defendant never responded to Plaintiff's contact attempts.

### CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

39.    Plaintiff  incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.    Leibovitz owns a valid copyright in the Episode IX Photographs.

41.    Leibovitz registered the Episode IX Photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

42.    Leibovitz granted Plaintiff Trunk Archive the exclusive right to license the Episode IX Photographs which includes the exclusive right to distribute, display, and reproduce the IX Photographs.

43.    Defendant (including their agents, contractors or others over whom they have responsibility and control) created unauthorized copies of and displayed Leibovitz's unique and original Episode IX Photographs without Trunk Archive's or

Leibovitz's consent or authorization in violation of 17 U.S.C. § 501.

44.     Defendants willfully infringed upon Plaintiff Trunk Archive and Leibovitz's rights in the copyrighted Leibovitz Photographs in violation of Title 17 of the U.S. Code.

45.     As a result of Defendants violations of Title 17 of the U.S. Code, Plaintiff Trunk Archive and Leibovitz have sustained significant injury and irreparable harm.

46.     Plaintiff Trunk Archive is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b).

47.     Plaintiff Trunk Archive is also entitled to injunctive relief to prevent or restrain infringement of Leibovitz's copyrights pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

• For a finding that Defendant infringed Plaintiff's copyright interest in the Episode IX Photographs by copying, displaying, and distributing it without a license or consent;

• For a finding that Defendant's conduct was willful;

• For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven.

• For an injunction preventing Defendants from further infringement of all of Leibovitz's copyrighted works pursuant to 17 U.S.C. § 502;

• For pre judgment and post judgment interest as permitted by law; and

• For any other relief the Court deems just and proper.

1

2    Dated:          January 30, 2026                    Respectfully submitted,

3

4                                                        **/s/ Naomi Sarega**
                                                         Naomi Sarega, Esq.,
5                                                        SBN 20-110
                                                         **HIGBEE & ASSOCIATES**
6                                                        3110 W Cheyenne Ave, #200
                                                         North Las Vegas, NV 89032
7                                                        (714) 617-8373
                                                         (714) 597-6729 facsimile
8                                                        *Attorney for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff Trunk Archive hereby demands a trial by jury in the above matter.

3

4

Dated: January 30, 2026                    Respectfully submitted,

5

**/s/ Naomi Sarega**
6    Naomi Sarega, Esq.,
   SBN 20-110
7    **HIGBEE & ASSOCIATES**
   3110 W Cheyenne Ave, #200
8    North Las Vegas, NV 89032
   (714) 617-8373
9    (714) 597-6729 facsimile
   *Attorney for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28